# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re: ) | |
| ) | |
| NANCY E. PATCHELL, ) | Chapter 13 |
| DEBTOR. ) | Case No. 02-45551-JBR |
| _____) | |
| ) | |
| NANCY E. PATCHELL, ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding |
| v. ) | No. 04-04460 |
| ) | |
| OPTION ONE MORTGAGE ) | |
| CORPORATION *et al.*.. ) | |
| Defendants. ) | |
| _____) | |

## ORDER REGARDING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REQUEST FOR DOCUMENTS AND THINGS

This matter is before the Court on Option One Mortgage Corporation and Wells Fargo's ("Defendants") Motion to Strike Plaintiff's Request for Documents and Things (Motion) [Docket # 103] and the Objection by Plaintiff to Defendant's Motion to Strike Plaintiff's Request for Documents and Things (Objection) [ Docket # 110]. A non-evidentiary hearing was held during which, at the Court's request, this *pro se* plaintiff specified what documents she has requested that were not produced. The Plaintiff stated that the missing documents consist of: (1) a mortgage inspection survey/ tape survey, (2) disbursement checks for Loan Two, (3) telephone logs from the loss mitigation department and correspondence from the loss mitigation department, (4) a title report, and (5) a Notice to Assignee. The Court then questioned the Defendants as to the existence of the documents requested and whether each had been produced. The Plaintiff denies receiving much of what Option One states it produced.

1

At the hearing the Court orally provided instructions to the Defendants. Because the parties vigorously dispute whether some or all of the documents at issue exist and/or have been produced, leading the Court to caution each party that it would treat false representations to the Court as a very serious matter, and indeed hold parties in contempt, and in order to be sure that there is no misunderstanding of this Court's instructions, the Court issues the following:

1) The Mortgage Inspection Survey/ Tape Survey: Defendants have represented that no such surveys were taken for either of the loan closings. They allege that the charge on the Good Faith Estimate of Settlement Costs, Exhibit 16 in Plaintiff's Complaint [Docket #1], which they cite as the source of Plaintiff's confusion as to the existence of the survey, is a charge for an *affidavit* (the "Survey Affidavit") concerning said survey and that the Survey Affidavit had been given to the Plaintiff.[1] Indeed the Plaintiff's Opposition at ¶¶ 24-26 supports Defendant's understanding of why the Plaintiff believes a mortgage inspection survey exists as she cites, among other things, line 1301 of the "Good Faith Estimate of Settlement Cost" which reads "survey fee $150" and asserted at oral argument that it would not make sense that she would be charged $150 to sign an affidavit, a statement which indicates her misunderstanding as to who executes a survey affidavit. At oral argument the Plaintiff also claims she has provided affidavits stating that Clifford Vera says a tape survey was done. The Plaintiff did not state who the affiant was or to

---

[1] The charge listed in the actual Settlement Statements for both loan one and loan two, at line 1301, under Exhibits 1 and 2 in the Plaintiff's Complaint, indicate charges of $75 and $50 respectively on a line that reads "Survey to N/A    to Affidavit"

2

whom those affidavits were given. She also cites to a copy of a mortgage survey inspection map for the property abutting hers for which Wells Fargo was the mortgagee as evidence that a mortgage inspection survey exists and has been withheld.

It is hereby ORDERED that the Defendants provide an affidavit and any transmittal letters setting forth the date or dates when the Survey Affidavit was produced to the Plaintiff. If, at a later date, the Court learns that the Defendants charged for but did not provide Mortgage Inspection Survey and/or a Tape Survey of the Plaintiff's property the Court will address that issue accordingly.

2) The Disbursement Checks for Loan Two: Defendants' counsel indicated that the entire record concerning this mortgage had been delivered to the Plaintiff. Defendants' counsel indicated that Attorney David Rochford represented Option One at the closing in question and that Attorney Rochford would likely be in possession of the records of said disbursement checks. Option One's counsel also represented that to the best of his knowledge, Attorney Rochford's file, with the exception of privileged documents, had been produced.

The Court hereby ORDERS Defendants to obtain, to the extent that they exist, from Attorney Rochford, copies of the disbursement checks from Loan Two and provide them to the Plaintiff.

3) The Telephone Logs and Additional Correspondence Logs: The Plaintiff in ¶¶ 8-19 of her opposition, identifies two individuals, Mark Gregory and

3

Vincent Calderon, both of Option One's Loss Mitigation Department, who she identifies as having telephone conversations with her. She seeks each of their telephone logs. At oral argument the Plaintiff stated she also asked for and has not received their telephone logs showing calls to or from Attorney David Pelioti, one of her previous attorneys. Defendants state that no such specific logs are maintained for individual employees of the Defendants. Instead, Option One maintains a communication log that contains an entry of any oral or written communication regarding a loan. Option One's attorney represented that Option One does not keep copies of the actual letters. Option One claims to have provided relevant communication logs which include summaries of the letters to the Plaintiff as well as dates and purposes of telephone communications regarding Plaintiff's loans. Plaintiff disputes that any logs have been produced. The Court attempted to assist the *pro se* Plaintiff by suggesting that it was aware that home mortgage companies send out what are, in essence, form letters but that copies of the letters sent to mortgagees are not kept and suggesting that a copy of the form letters may be of help to her.

The Court hereby ORDERS that Defendants provide this Court and the Plaintiff each with a copy of communication log. The Defendants are to provide an affidavit and any transmittal letters setting forth the date or dates when the communication log was produced to the Plaintiff. The Court also ORDERS Defendants to provide, to this Court and the Plaintiff, copies of the form letters typical of those which the Defendant sent to the Plaintiff, along

4

with a key or code that would explain how the form letters relate to the communication log.

4) The Title Report: The Plaintiff states that the Defendants refuse to turn over to her a copy of the title report; the counsel for the Defendant stated that Attorney Rochford, Option One's closing attorney, had in fact provided Plaintiff with a title abstract as well as his title certification. Plaintiff indicates that she has not received the title certification and only received a "preliminary work" regarding the abstract.

The Court hereby ORDERS Defendants to produce an affidavit and any transmittal letters setting forth the date or dates when the title abstract and the title certification were produced to the Plaintiff and further ORDERS for the Defendants to produce to the Plaintiff and the Court a copy of what they allege was sent to the Plaintiff.

5) Notice to Assignee: The Plaintiff has indicated that she did not receive proper notice of the assignment of her mortgage from Defendant Option One to Defendant Wells Fargo.

The Court hereby ORDERS the Defendant to provide said Notice to Assignee to the Plaintiff and to this Court.

6) Privilege Log: The Defendants at hearing suggested that certain documents requested by the Plaintiff have been withheld due to their privileged status. Defendants acknowledge that no privilege log has been provided.

The Court hereby ORDERS the Defendants to provide said privilege log

5

to this Court as well as to the Plaintiff, all in accordance with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.

Dated: July 1, 2005

*Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge

ach-patchell.TIF