# United States Bankruptcy Court
## District of Massachusetts

| | |
|---|---|
| In re:<br><br>NANCY E. PATCHELL,<br>                DEBTOR. | Chapter 13<br>Case No. 02-45551-JBR |
| NANCY E. PATCHELL,<br>            Plaintiff,<br><br>v.<br><br>OPTION ONE MORTGAGE<br>CORPORATION *et al.*,<br>            Defendants. | Adversary Proceeding<br>No. 04-04460 |

## ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND COUNT 15 OF THE COMPLAINT FILED ON SEPTEMBER 27, 2004.

This matter is before the Court on Nancy Patchell's (Plaintiff) Motion for Leave of Court to Amend Count 15 of the Complaint Filed on September 27, 2004 [Docket # 126] and Option One Mortgage Corp.'s (Defendant) Opposition thereto [Docket #128].

This Court, in its Memorandum of Decision Regarding Defendants' Motion for Judgment on the Pleadings [Docket #118], provided Plaintiff with an opportunity to amend Count 15 of her Amended Complaint if she was alleging that the funds she received from the Defendant after the recordation of the mortgage were less than the full amount she was owed. In response the Plaintiff has attempted to use this opportunity to

allege entirely new causes of action in her thirteen pages (including exhibits) Memorandum on Amendment to Count 15 of Complaint [Docket #127]. Plaintiff spends multiple pages involved in a scattered arithmetic computation that does not represent an amendment, but rather a claim unrelated to the issue at bar in the original Count 15. Further evidence of the Plaintiff's disingenuous attempt to amend Count 15 is her allegation that Defendants have violated her Civil Rights pursuant to 42 U.S.C. § 1983. It is clear to this Court that the Plaintiff does not understand what is required to make out a § 1983 claim.

> A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law . . .; second, the conduct must have worked a denial of rights secured by the Constitution or by federal law.

Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997). In this instance, Plaintiff has made no suggestion that either Option One Mortgage Corp. or Wells Fargo Bank acted under color of state law. Plaintiff's seven line allegation of said violation amounts to nothing more than a conclusory statement that fails to make out the bare essentials of a § 1983 claim. Additionally, Count 15 of her original complaint never even suggests a violation of § 1983 nor does it bear any relation thereto.

In this Court's Memorandum of Decision Regarding the Defendants' Motion for Judgment on the Pleadings [Docket #118], the Court made it clear that the amendment was to be specific in nature. This was not an open invitation for the Plaintiff to allege new violations of federal law for which there is absolutely no basis for believing that said allegations are even marginally meritorious. Nor was it an invitation to file 13 pages of facts and allegations unrelated to the original Count 15 of Plaintiff's Complaint [Docket

#1]. For all of the above mentioned reasons, Plaintiff's Motion for Leave of Court to Amend Count 15 of the Complaint Filed on September 27, 2004 is hereby DENIED.

Dated: July 20, 2005

                                         Joel B. Rosenthal
                                         United States Bankruptcy Judge

ach-patchell.TIF