# United States Bankruptcy Court
## District of Massachusetts

| | |
|---|---|
| In re: ) | |
| ) | |
| NANCY E. PATCHELL, ) | Chapter 13 |
|             DEBTOR. ) | Case No. 02-45551-JBR |
| _____) | |
| ) | |
| NANCY E. PATCHELL, ) | |
|         Plaintiff, ) | |
| ) | Adversary Proceeding |
| v. ) | No. 04-04460 |
| ) | |
| OPTION ONE MORTGAGE ) | |
| CORPORATION *et al.*, ) | |
|         Defendants. ) | |

### ORDER ON PLAINTIFF'S MOTION TO STRIKE EXHIBITS THREE, SEVEN, EIGHT, AND NINE AS ATTACHED IN THE AFFIDAVIT OF JAMES E. O'CONNELL, III

This matter came before the Court on the Plaintiff's Motion to Strike Exhibits Three, Seven, Eight, and Nine as Attached in the Affidavit of James O'Connell, III. After consideration of the Motion to Strike Exhibits and a review it is hereby FOUND and ORDERED:

1. Exhibit Three: The document attached as Exhibit Three to the Affidavit of James O'Connell, III was covered by a discovery request made by the Plaintiff to which the Defendant objected on the basis that these documents were in the Plaintiff's or her former counsel's custody, possession, or control. Plaintiff failed to respond to Defendant's Objection. At a hearing held on the Defendants' Motion to Strike Plaintiff's Request for Documents and Things, the Plaintiff had an opportunity to request specific documentation from the Court. At the aforementioned hearing, the Plaintiff identified specific categories of documents she had requested and received. Documents which the Defendants withheld on the grounds that they were within the Plaintiff's custody or control were not identified by the Plaintiff

as documents she was seeking. At the same hearing however, Option One's counsel represented to the Court that the entire record concerning Plaintiff's mortgage had been delivered to the Plaintiff. It would appear from Option One's Cover Letter dated July 25, 2005, and attached to Plaintiff's Motion as Exhibit One, the documents to which the Defendant objected were not delivered to the Plaintiff prior to the evidentiary hearing.

It is hereby ORDERED that the Plaintiff's Motion to Strike Exhibit Three be DENIED. It is also ORDERED that the Defendants produce by Monday, August 22, 2005, all documents not yet produced pursuant to this Court's order dated July 1, 2005.

2. Exhibits Seven, Eight, and Nine: The documents attached as Exhibits Seven, Eight, and Nine of the Affidavit, which the Plaintiff moves to strike contain portions of the transcript of an evidentiary hearing held on July 1, 2003 [Chapter 13 Case, Docket # 218]. This transcript is a part of the Court's public record, and therefore available to the Plaintiff at her convenience at the Court. Contrary to Plaintiff's contention, Fed. R. Evid. 613 does not require Defendant to provide Plaintiff with a copy of the transcript. Plaintiff is able to request and view the transcript of the hearing at the Court, and may use all or any portion of transcript of the hearing in her response to Defendant's Motion for Summary Judgment. The Plaintiff's Motion to Strike Exhibits Seven, Eight, and Nine is hereby DENIED

3. Fed. R. Evid. 1006 involves a summary of "voluminous writings, recordings, or photographs which cannot conveniently be examined in court," not partial transcripts of court hearings. Because the documents sought are the transcripts of

the evidentiary hearing, which can be conveniently viewed as part of the Court's public record, Fed. R. Evid. 1006 is not applicable.

The Plaintiff's Motion to Strike Exhibits Seven, Eight, and Nine is hereby DENIED.

Dated: August 16, 2005

Joel B. Rosenthal
United States Bankruptcy Judge